UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA :
:
-against- : 21-CR-603 (VEC)
:
: <u>SEALED ORDER</u>
CHARLES WATSON, JR., :
:
Defendant. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS the parties appeared for a change of plea hearing on July 6, 2022;

WHEREAS Mr. Watson entered a plea of guilty to Count 1 of the Superseding Information (S5), which the Court accepted.

WHEREAS Mr. Watson also entered a plea of guilty to Count 2 of the Superseding Information (S10), which the Court has not yet accepted; and

WHEREAS the Court has received the parties' supplemental briefing on the legal theory behind Count 2.

IT IS HEREBY ORDERED that, after giving due consideration to the argument made by the government, the Court concurs that, given the facts as allocuted by the Defendant, the "use" of the letters from health care providers falls within the prohibited conduct contemplated by 18 U.S.C. § 1028(A), regardless of whether the purported signatories of the letters consented to their use. The holding of *United States v. Dumitru*, 991 F.3d 427, 432 (2d Cir. 2021), *cert denied*, 142 S. Ct. 831 (2022), supports the conclusion that the statutory prohibition on using a "means of identification" of another "without lawful authority" extends to using a means of identification of another person for an unlawful end regardless of that other person's consent. *See id.* at 432 (noting that the First, Fourth, Fifth, Sixth, Ninth and DC Circuits have arrived at this conclusion, with only the Seventh Circuit reaching the opposite conclusion). While the Second Circuit noted that this interpretation may not align with an intuitive understanding of what it means to use another

person's identification "without lawful authority," *id.* at 432, it and most other circuits rejected that intuitive interpretation, *id.* at 33.

Accordingly, the Court finds that there was an adequate factual basis for Defendant's guilty plea to Count 2; that Mr. Watson understood the rights he was giving up and waived those rights knowingly and voluntarily. The Court find Mr. Watson understood the consequences of his plea, including the potential sentences that may be imposed. Because the Court find that the Defendant's guilty plea to Count 2 was entered knowingly and voluntarily and was supported by an independent factual basis for each and every element of the crimes charged, the Court now accepts his guilty plea.

**SO ORDERED.**

Date:  **August 11, 2022**
      New York, NY

                                      **VALERIE CAPRONI**
                                      **United States District Judge**